**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 5:16CR280 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| -vs- | : | |
| | : | |
| DEZAY ELY, et al., | : | **DEFENDANT DEZAY ELY'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendants. | : | |

Defendant Dezay Ely, through counsel, respectfully submits the attached Sentencing Memorandum for this Honorable Court's consideration at his sentencing hearing. Mr. Ely asks for a sentence "sufficient but not greater than necessary" to achieve the statutory goals of sentencing under Title 18, United States Code § 3553(a). The bases for this request are contained in the memorandum which is incorporated herein by reference.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Charles E. Fleming*
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
Office of the of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
Email: charles_fleming@fd.org

**MEMORANDUM**

## I. INTRODUCTION

On August 30, 2016, Dezay Ely was charged in a three-count Indictment with violations of 18 U.S.C.§§1113 and 2, 924(c), and 922(g) (attempted murder, using a firearm during a crime of violence, and felon in possession of a firearm). (Doc.#12, Indictment). On May 16, 2017, Mr. Ely pled guilty to the Indictment without a plea agreement. (Doc.#--, Minutes of proceedings). The Court subsequently ordered the preparation of a presentence report ("PSR").

The PSR suggests a total offense level of 34 and a criminal history category of IV. (See PSR, dated 7/20/17 at paragraph 57).[1] The suggested sentencing range is 210-262 months, plus the 10 year mandatory minimum sentence for the 924(c) count. (See PSR at paragraph 57).

## II. 18 U.S.C. §3553(a)

Title 18, Section 3553(a) of the United States Code directs sentencing courts to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment – justice, deterrence, incapacitation, and rehabilitation – by imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Section 3553(a) represents a cap above which this Court is statutorily prohibited from sentencing – even when a greater sentence may be recommended by the Sentencing Guidelines – as the Guidelines are statutorily subordinate to the parsimony principle of §3553. *Id.*

1 Mr. Ely objected to a total offense level of 34 and asserted that the total offense level should be 28. This would result in a sentencing range of 110-137 months (plus the 10 year mandatory minimum for the 924(c) count). Pursuant to this Court's order, Mr. Ely is not addressing the substance of this objection in this memorandum. (See Doc.# 63, Notice of Sentencing). This will be addressed at the time of sentencing.

The sentencing range proposed through calculation of the advisory Sentencing Guidelines is only one of many factors sentencing courts must consider when imposing sentence. After properly calculating the applicable advisory guideline range, sentencing courts must then consider each of the remaining §3553(a) factors in order to impose a sentence that is sufficient, but not greater than necessary, to fulfill the goals of §3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Mr. Ely presents the following for the Court's consideration, and requests that the Court impose a sentence 21 years of incarceration.

## III. ADVISORY SENTENCING GUIDELINES

These are addressed in section I.

## IV. APPLICATION OF OTHER SENTENCING FACTORS – REQUEST FOR VARIANCE

### A. Mr. Ely's Personal History and Characteristics

Mr. Ely is 28 years old. (See PSR at p. 3). He has been married since 2010 and has one biological child with his wife, April; he is also stepfather to her two children from previous relationships. (See PSR at paragraph 44). At the time of the instant offense, he was living with his wife and children, although he often spent time at his brother's house. His wife and children continue to reside in Akron; she is employed as a daycare teacher. (See PSR at paragraph 44).

As a child, Mr. Ely was raised by his single mother in Akron, Ohio; he has had no relationship with his biological father. (See PSR at paragraph 42). He has a half brother, Michael, who shares the same mother but a different father. (See PSR at paragraph 42). While Mr. Ely excelled at sports in school, he dropped out of high school in 12th grade. (See PSR at paragraph 50; Doc.#106, Trial Transcript ("Tr." ), (Raymond Moore) p.54, PageID#970). He earned his GED in 2009, while incarcerated. (See PSR at paragraph 50). While he has had

gainful employment in the past, at the time of his arrest he supported himself by doing odd jobs. (See PSR at paragraph 51).

Mr. Ely has no history of juvenile adjudications. (See PSR at paragraph 32). He does have an adult criminal history that includes convictions for carrying a concealed weapon, aggravated robbery, and involuntary manslaughter. (See PSR at paragraphs 33 and 35). While they all occurred when he was only 18 years old, he was sentenced to a total of eight years in prison in 2007. (See PSR at paragraphs 33 and 35). He was released on five years post-release control in November, 2015. (See PSR at paragraph 35). He was on that supervision at the time of the instant offense. (See PSR at paragraph 35).

While Mr. Ely has denied any present addiction to drugs and alcohol, his admissions regarding usage tell a different story. He began consuming alcohol, marijuana, and methamphetamine ("meth") at the age of 16. (See PSR at paragraph 48). By 2016, he was using marijuana 15-20 times per day, alcohol daily, and meth weekly. (See PSR at paragraph 48). According to Mr. Ely, the instant offense was preceded by a several-day binge in which he and the victim were abusing alcohol and/or drugs. (See Doc# 106, Tr. (Ayauna Edwards-Bush) at pp. 15-16, PageID#931-932). While he has received treatment for substance abuse, it did not eradicate the problem. (See PSR at paragraph 49).

**B. Nature and Circumstances of the Offense[2]**

Mr. Ely met the victim, Ayauna Edwards-Bush, through a website that offered her services. They met in about May or June of 2016. After that, they got together on several occasions. For a number of days preceding the instant offense, Mr. Ely and Ms. Bush stayed at

---

2 The information in this section was obtained through investigation, discovery, and/or testimony.

his brother's house. (See Doc.# 30, Preliminary Hearing Transcript ("Prelim. Tr."), (Fassler) at pp. 24-25, PageID#131-132). During that time, a family member reported her missing; her infant son was being cared for by her grandmother. (See Doc.#30, Prelim. Tr. (Fassler) at pp. 24-25, PageID# 131-132). It is Mr. Ely's position that during this time, they consumed drugs and alcohol. At some point on July 3, 2016, Raymond Moore came to the house and picked them up; he ultimately stopped at the national park.

There are different accounts as to why they went to the park and what happened when they got there. Ms. Bush stated in her testimony and in previous statements that the purpose for going to the park was that Mr. Ely wanted to test fire his gun. (See Doc.#106, Tr. (Edwards-Bush) at p. 29, PageID#945). She also testified that once there, Mr. Ely insisted that she get out of the car, even though she did not want to do so. (See Doc.# 106, Tr. (Edwards-Bush) at p. 34, PageID# 950). Raymond Moore testified there was never any discussion with him about going to the park to test fire the gun; he stated that the only reason he stopped at the park was because Ms. Bush insisted that she needed to urinate. (See Doc.# 106, Tr. (Moore) at p. 89, PageID# 1005). In fact, Moore testified that she threatened to urinate in the car if he did not stop at the park. (See Doc.# 106, Tr. (Moore) at p. 89, PageID# 1005). This is diametrically opposite to Ms. Bush's testimony that there was a plan to go to the park and test fire the gun, and that she did not want to get out of the car when they arrived at the park.

All agree that once out of the car, Mr. Ely and Ms. Bush went further into the park. Ultimately, Mr. Ely admittedly shot Ms. Bush and left the area with Mr. Moore.

**C. A Sentence of 21 Years is Sufficient But Not Greater than Necessary to Fulfill the Purposes in 18 U.S.C. §3553(a).**

There is no question that Mr. Ely's conduct was reprehensible and inexcusable. Ms. Bush

has suffered serious and permanent physical harm as a result. Her psychological and emotional damage is likely incalculable. In speaking with counsel, Mr. Ely has exhibited significant remorse for his actions and at times has become emotional---unable to believe the harm he has done to her. His decision to plead to guilty was fueled, in large part, by his desire to be contrite about his conduct, and the fact that he did not want to make Ms. Bush relive the horrific details of this offense yet again. No sentence imposed by this Court can undo the harm done to Ms. Bush. But a sentence of 21 years would serve as adequate and just punishment for this crime. It would serve as a significant deterrent to Mr. Ely and others in the community to engaging in this kind of conduct in the future. In doing so, it would promote respect for the law by sending a message that people who commit crimes of this kind will face harsh punishment. It would also afford Mr. Ely the opportunity to receive additional treatment for his drug abuse, and to bolster his education so that he will be a productive member of society when he is released from prison.

## V. CONCLUSION

For these reasons, Mr. Ely respectfully requests that the Court sentence him to 21 years in prison. He also asks that a component of his sentence be cognitive behavioral therapy and substance abuse treatment.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Charles E. Fleming*
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
Office of the of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
Email: charles_fleming@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/Charles E. Fleming*
CHARLES E. FLEMING (0046778)
Assistant Federal Public Defender