PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 5:16CR280 (5:19CV2127) |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DEZAY MARTELL ELY, *et al*., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 119, 121] |

Pending is Petitioner Dezay Martell Ely's Motion for Appointment of Counsel (ECF No. 119) and the Government's Motion to Strike Petitioner's § 2255 Motion for Relief and the Motion for Appointed Counsel (ECF No. 121). For the reasons explained below, Petitioner's motion is granted and the Government's motion is granted in part and denied in part.

# I. Introduction

### A. Factual Background

Ely shot his girlfriend, Ayauna Edwards-Bush, three times, "hitting her in the head, face, and neck." ECF No. 117 at PageID #: 1238. Although Bush survived, "she sustained severe and permanent injuries." *Id*. Petitioner pleaded guilty to attempted murder, a felon in possession of a firearm, and discharging a firearm during a crime of violence. ECF No. 101 at PageID #: 903-05. The Court sentenced Ely to a life term of imprisonment. ECF No. 116 at 1226-27. After sentencing, he appealed to the Sixth Circuit. ECF No. 112. On September 24, 2018, the Sixth Circuit affirmed his sentence. ECF No. 117.

Ely's filed a § 2255 motion for relief alleging that his sentence must be vacated (1) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) and (2)

(5:16CR280)(5:19CV2127)

due to ineffective assistance of counsel at trial and on appeal. ECF No. 120. Petitioner filed a motion to appoint counsel pursuant to the Criminal Justice Act ("CJA") on the same day. ECF No. 119. The same counsel that represented Ely at trial and on appeal, the Federal Public Defenders' Office, filed the motions on his behalf. ECF No. 119 at PageID #: 1245; ECF No. 120 at PageID #: 1246. Two days after Petitioner's § 2255 motion was filed, the Government filed a motion to strike the § 2255 petition and the motion for appointment of counsel. ECF No. 121. Defense counsel filed a response brief in opposition to the Government's motion to strike. ECF No. 122.

**B. The § 2255 Motion and Defense Counsel's Conflict**

According to defense counsel, Ely and counsel began discussing the possibility of filing a § 2255 petition in late Spring 2019. *Id*. at PageID #: 1259. At that time, the Supreme Court had not yet ruled in *United States v. Davis*, 139 S. Ct. 2319 (2019) but counsel was asked to file the § 2255 motion if *Davis* were decided favorably for Ely. *Id*. On June 24, 2019, the Supreme Court ruled that the "residual clause" of the definition of "crimes of violence" under 18 U.S.C. 924(c)(3)(B) was unconstitutionally vague.[1] *Davis*, 139 S. Ct. at 2336.

Citing complications coordinating with the Bureau of Prisons, counsel claims that she was unable to speak to Ely until mid-August. ECF No. 122 at PageID #: 1260. According to counsel, Ely raised his concerns about ineffective assistance of counsel for the first time during

---

[1] Among the charges, Ely was adjudged guilty for using a firearm during a crime of violence under 18 U.S.C. 924(c). ECF No. 116 at PageID #: 1225. Ely's § 2255 motion alleges that he is entitled to relief based on the holding in *Davis*. ECF No. 121. The Court does not address the merits of this contention and will properly review this claim when Petitioner's newly appointed counsel files a proper § 2255 motion for relief.

2

(5:16CR280)(5:19CV2127)

that mid-August conversation. *Id*. Counsel alleges she informed Ely that she could not advise him on his ineffective assistance of counsel claims, but she also believed that the cutoff for filing the § 2255 petition was September 24, 2019. *Id*. Counsel claims that she filed the § 2255 motion on Ely's behalf because she believed she should raise the *Davis* claim in a timely manner and preserve his ineffective assistance of counsel claim. *Id*.

In reality, Ely actually has until December 23, 2019 to file the § 2255 motion. Defense counsel acknowledges that she miscalculated the cutoff date. ECF No. 122 at Page ID #: 1260. Although counsel was aware that she was conflicted, she insists that she filed the petition based on her good faith belief that if she did not file the § 2255 motion by the end of September, he would have waived any claims for relief. *Id*. at PageID #: 1260-61.

## II. Standard of Review

The Constitution does not guarantee a right to counsel in a § 2255 proceeding. *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Pursuant to 28 U.S.C. § 2255, appointment of counsel for a § 2255 petition is governed by 18 U.S.C. § 3006A. The Court has the discretion to appoint CJA counsel when it is in "the interest of justice." 18 U.S.C. §3006A(a)(2); *see also* Northern District of Ohio CJA Plan, Part IV (A)(2). In conducting this analysis, courts are guided by factors including the legal and factual complexity of the case, petitioner's ability to investigate and present his claims, and any other factors relevant to the case. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

## III. Discussion

**A. Motion to Strike**

(5:16CR280)(5:19CV2127)

Despite a known conflict of interest, the Federal Public Defender's Office filed a § 2255 petition on Ely's behalf. ECF No. 120. This was improper because one of Petitioner's contentions for relief is that the Public Defender's Office provided ineffective assistance of counsel at trial and on appeal. *Id*. at PageID #: 1250. As the Government noted, counsel could have advised Ely to file his own petition and motion for appointment of counsel. ECF No. 121 at PageID #: 1254.

The complication of counsel's conflict on Petitioner's ineffective assistance of counsel claim is readily apparent. Although the motion alleges counsel was ineffective, Petitioner's motion for relief does not explain how counsel was allegedly ineffective. *See* ECF No. 120 at PageID #: 1250. Due to this, the Government cannot properly respond. More importantly, the Court cannot properly evaluate the merits of this contention. *See* Rule 4 of the Rules Governing Section 2255 Proceedings. Even if the Court finds that counsel's action were taken in good faith, the § 2255 petition still lacks any factual basis for the Court to analyze the ineffective assistance of counsel claims.

Ely is not prejudiced by the motion to strike being granted because the § 2255 statute of limitations does not expire until December 23, 2019. *See Clay v. United*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). The Sixth Circuit affirmed Ely's sentence on September 24, 2018. ECF No. 117. Ely had 90 additional days, until December 23, 2018, to file a petition for writ of certiorari and did not. Petitioner has until December 23, 2019 to file an appropriate § 2255 motion.

(5:16CR280)(5:19CV2127)

Accordingly, the Government's motion to strike the § 2255 petition filed by conflicted counsel is granted. As explained below, however, the Government's motion to strike is denied with respect to the motion to appoint counsel.

**B. Motion to Appoint Counsel**

While Petitioner's § 2255 motion suggests that appointed counsel can articulate why trial counsel was effective, ECF No. 120 at PageID #: 1250, the Government correctly retorts that the § 2255 petition was improper because conflicted counsel filed it. ECF No. 121 at PageID #: 1252-53.

Given the Court's discretion to appoint counsel in the interest of justice, conflicted counsel's role in drafting and filing the § 2255 petition, and the legal complexity of Ely's claim for relief under *Davis*, the Court grants Petitioner's motion for appointment of counsel.

**IV. Conclusion**

For the reasons discussed above, Petitioner's motion for appointed counsel (ECF No. 119) is granted. The portion of the Government's motion seeking to strike Petitioner's motion for appointment of counsel (ECF No. 121) is denied. The Government's motion to strike the § 2255 petition filed by conflicted counsel (ECF No. 121) is granted. ECF No. 120 is stricken. Petitioner's newly appointed counsel shall file a new § 2255 petition on Ely's behalf.

IT IS SO ORDERED.

 October 1, 2019             */s/ Benita Y. Pearson*
Date             Benita Y. Pearson
           United States District Judge