IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 5:16-CR-00280 |
| Plaintiff-Respondent, | |
| vs. | JUDGE BENITA Y. PEARSON |
| DEZAY MARTELL ELY, | |
| Defendant-Petitioner. | **MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |

Now comes the Petitioner, Dezay Martell Ely, and respectfully requests this Court grant him relief under 28 U.S.C. § 2255. Based on the application of *United States v. Davis*, 588 US ___, 139 S. Ct. 2319 (2019), Mr. Ely's conviction for attempted murder is no longer a qualifying predicate to support a conviction under 18 U.S.C. § 924(c). A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

/s/J. Reid Yoder
J. Reid Yoder (0076587)
ryoder@dpylaw.com
209 South Main Street, Third Floor
Akron, Ohio 44308-1321
Telephone:   330.762.7477
Facsimile:    330.762.8059

*Attorney for Dezay Ely*

## MEMORANDUM IN SUPPORT

**A. Mr. Ely's conviction under § 924(c) is void because the predicate offense of attempted murder is no longer a valid crime of violence post-Davis.**

Mr. Ely was convicted, in part, with one count of discharging a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 113, Judgment). Under that statute, a defendant who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime is subject to a consecutive sentencing penalty of incarceration. 18 U.S.C. § 924(c)(1)(A), Under § 924(c)(3), a "crime of violence" is defined in two parts, as a felony offense that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In other words, in order for an offense to be a crime of violence under § 924(c)(3), that offense must either involve the use, attempted use, or threatened use of force (the "elements clause") or be a crime by which its nature creates a "substantial risk of physical force" being used (the "residual clause").

However, the Supreme Court recently held in *Davis* that the residual clause at § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Here, the indictment specifically alleges the predicate crime of violence as Attempt to Commit Murder under 18 U.S.C. § 1113. (Doc. 12, Indict., PageID # 53). Because Attempt to Commit Murder does satisfy the force clause, as detailed below, it could only have been a qualifying predicate offense under the now invalid residual clause. As a result, Mr. Ely is entitled to have his sentence on Count Two vacated and that charge dismissed.

Mr. Ely's conviction under § 924(c) is no longer valid following *Davis* because attempted murder does not qualify as a crime of violence under the force clause. First Degree Murder is defined as:

> [T]he unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

*United States v. Amos*, 423 F. App'x 541, 548 (6th Cir. 2011) (quoting 18 U.S.C. § 1111(a)). Murder in any other way is murder in the second degree. 18 U.S.C. § 1111(a).

Attempted murder is not defined and therefore this Court must look to attempt under common law. See *Amos*, 423 F. App'x at 548-49. Attempt requires:

> (1) the defendant had the requisite intent to commit a crime; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose; and (4) the act fell short of the commission of the intended crime due to intervening circumstances.

*United States v. Bird*, 409 F. App'x 681, 687 (4th Cir. 2011) (quoting *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003)). Certain facts may "provide strong corroboration" of criminal intent and therefore may constitute a substantial step toward commission of a substantive crime.

> Such facts include: (1) lying in wait, searching for, or following the contemplated victim; (2) reconnoitering the place contemplated for the commission of the crime; (3) possession of materials to be employed in the commission of a crime; and (4) possession or fabrication of materials to be used in committing the crime at or near the place chosen for its commission.

*Bird*, 409 F. App'x at 687 (citing *Pratt*, 351 F.3d at 135). These substantial steps do not include any use, attempted use, or threatened use of force.

3

Additionally, a person could be convicted of attempted murder for an act of omission. In *United States v. Anderson*, 503 F.2d 420 (6th Cir. 1974), Anderson was charged with willfully attempting murder or manslaughter after she gave birth to a child in a "toilet receptacle" on an airplane which had at least two inches of liquid in it. Her failure to protect her newborn was the basis for the charge of attempted murder or manslaughter. Anderson's conduct did not involve the use, attempted use, or threatened use of force, but rather involved her acts of omission.

Because attempt to commit murder covers conduct which is broader than the force clause at § 924(c)(3)(A), attempt to commit murder cannot by its definition be a crime of violence based on the use, attempted use, or threatened use of force. Courts cannot partake in fact-finding into the particular facts of a case to determine whether the defendant's conduct would have fallen within the residual clause of § 924(c)(3). *Davis*, 139 S. Ct. at 2329-2330. "In the [force clause] context, [the categorical approach] requires asking whether the least culpable conduct covered by the statute at issue nevertheless 'has as an element the use, attempted use, or threatened use of physical force . . .'" *Stokeling v. United States*, 139 S. Ct. 544, 556 (2019) (in the context of § 924(e)'s identical force clause). If the least culpable conduct does not have such an element, "then the statute is too broad to qualify. . ." The least culpable version of attempted murder covers conduct that does not require a use, attempted use, or threatened use of force. It is, therefore, not a crime of violence as defined by § 924(c)(3)(A).

**CONCLUSION**

Mr. Ely raises claims of constitutional errors which had a substantial and injurious effect on his proceedings and entitles Mr. Ely to relief under 28 U.S.C. § 2255. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

4

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/J. Reid Yoder*
J. Reid Yoder (0076587)
ryoder@dpylaw.com
209 South Main Street, Third Floor
Akron, Ohio 44308-1321
Telephone:    330.762.7477
Facsimile:     330.762.8059

*Attorney for Dezay Ely*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2019, the foregoing MOTION was served on all parties of record via the Court's electronic filing system.

*/s/J. Reid Yoder*
J. Reid Yoder (0076587)